IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

STATE FARM FIRE AND
CASUALTY COMPANY,

           Plaintiff,

v.                                 CIVIL ACTION NO. 5:04-0905

ROBERT EDWARD O'HARA,
JAMES and TAMMY O'HARA,
DEVIN SHREWSBURY and
SHARON DEMPSEY, Administratrix
of the Estate of Blanche Dempsey,

           Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending are the motions of the plaintiff and of the defendant Sharon Dempsey for summary judgment. For the following reasons, each motion is **GRANTED** in part.

**Background**

This action arises from the facts surrounding the death of Blanche Dempsey on October 28, 2001, at her home in Raleigh County, West Virginia. The defendants Devin Shrewsbury and Robert O'Hara were indicted in state court in Raleigh County on charges related to her death. On September 23, 2002, Mr. Shrewsbury pleaded guilty to first degree murder. The defendant Sharon Dempsey, as administratrix of Blanche Dempsey's estate, subsequently filed a wrongful death action in Raleigh County Circuit Court. The suit named Robert O'Hara and his parents, James and Tammy O'Hara, and Devin Shrewsbury and his mother, Carolyn Deck. The state court claims against Ms.

Deck alleged statutory liability and negligent supervision. The estate made a claim under the rental insurance policy the plaintiff issued to Ms. Deck.

The plaintiff then brought this action for declaratory relief and filed a motion for summary judgment seeking a court order that Devin Shrewsbury is not entitled to coverage for any claim arising out of the death of Blanche Dempsey under the policy, that State Farm has no duty to defend Mr. Shrewsbury under the policy and that State Farm has not duty to pay any sum to Sharon Dempsey, as administratrix of the estate, or to the O'Haras arising in any way from Blanche Dempsey's death. This claim is based on the policy's exclusion of coverage for bodily injury or property damage resulting from the willful or malicious acts of the insured.

The defendant Sharon Dempsey objected to State Farm's claim that it had no duty to provide coverage for claims arising in any manner from Blanche Dempsey's death. She also filed a motion for summary judgment, asking the court to declare that the plaintiff has a duty to defend, cover and indemnify Ms. Deck for the claims against her in the state court action.

## Standard of Review

To obtain summary judgment, the moving party must show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Fed. R. Civ. P.* 56(c). In considering a motion for summary judgment, the Court will not "weigh the evidence and determine the truth of the matter[.]" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the Court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986).

Although the Court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict in his [or her] favor[.]" *Anderson*, 477 U.S. at 256. Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Anderson*, 477 U.S. at 252.

## Analysis

The facts in this case are not in dispute. Nor, for the most part, is the outcome.

The defendant's motion for summary judgment is easily disposed of. Although the parties thoroughly analyzed the law applicable to exclusions in insurance policies in their supporting memoranda, State Farm stated in its reply that it had agreed to defend and indemnify Ms. Deck in the underlying state action. The facts of the case and the law support this agreement, for the exclusion on which the plaintiff relies with regard to coverage of Mr. Shrewsbury applies only if the insured commits a willful or malicious act. As the claims against Ms. Deck involve strict liability and negligence, they do not fall under that exclusion. Accordingly, the Court will grant the plaintiff's motion insofar as it seeks a declaration that State Farm has a duty to defend and indemnify Carolyn Deck.

The plaintiff's reply further clarifies the scope of the relief sought by stating that it seeks only a declaration that it has no duty under the policy issued to Ms. Deck to defend or indemnify Mr.

Shrewsbury in the underlying state action. Mr. Shrewsbury contends that summary judgment is inappropriate because there is a factual dispute regarding whether the policy's exclusion from coverage for bodily injury or property damage "which is the result of willful and malicious acts of the insured" applies only to Carolyn Deck or to all individuals insured under the policy. The Court finds no merit to this argument. There is no reasonable interpretation of the term "insured" in this exclusion that would allow for the conclusion that there is coverage for willful and malicious acts of some people covered by the policy but not others. As Mr. Shrewsbury's response correctly notes, the policy defines "insured" as "you, and if residents of your household: a. your relatives; and b. any other person under the age of 21 who is in the care of a person described above." This definition covers Mr. Shrewsbury, as the son of the policy holder. Mr. Shrewsbury argues that the exclusion's reference to "the insured" rather than "all insureds," or "any other insureds" leaves the meaning of the clause ambiguous. The Court finds no ambiguity in the term "insured," which is clearly defined in the policy. As Mr. Shrewsbury has pleaded guilty to first degree murder, thereby establishing the willful and malicious act excluded from coverage, there is no factual dispute or legal argument to preclude summary judgment. The Court therefore grants the plaintiff's motion insofar as it seeks a declaration that it has no duty to defend or indemnify Devin Shrewsbury in the underlying state action.

## **Conclusion**

Finally, the Court notes that although the plaintiff's complaint names Robert, James and Tammy O'Hara as defendants and those defendants have not answered the complaint, the full relief sought – that State Farm has no duty to defend or indemnify Mr. Shrewsbury – has been addressed

in this order.  Accordingly, as outlined above, the Court **GRANTS** in part the motion for summary judgment of the plaintiff, **GRANTS** in part the motion for summary judgment of the defendant Sharon Dempsey and **ORDERS** that this case be stricken from the active docket of the Court.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER:    September 6, 2005

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE